IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBIN HOUSTON,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MESUN HEALTH SERVICES, INC. )<br>)<br>Defendant.  )<br>_____ ) | CIVIL ACTION NO.<br><br>1:21-cv-04865-TWT-AJB<br><br><br>Jury Trial Demanded |

## **COMPLAINT**

COMES NOW Plaintiff Robin Houston, who submits this Complaint against Mesun Health Services, Inc. based on the following allegations:

**(Parties, Jurisdiction and Venue)**

1.

This cause of action arises under the provisions of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C§ 2000 (e), et seq., (hereinafter "Title VII"), and provisions of 29 U.S.C. Section 1981 (hereinafter "Section 1981"), which afford Plaintiff remedies for race discrimination, national origin discrimination, and retaliation occurring during the course of her employment.

1

2.

Plaintiff Robin Houston was and is a resident of the State of Georgia and the Northern District of Georgia at all times material to Plaintiff's employment relationship with the Defendant.

3.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, Mesun Health Services, Inc. ("Mesun") is a private for-profit entity operating and doing business in the State of Georgia, and pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) may be served with process through its CEO Hanson Kim as an officer of Mesun at 7126 Avalon Drive, Douglasville, GA, 30135, located within this judicial district.

4.

Jurisdiction over the claims in this Complaint is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337.

5.

Jurisdiction and venue are proper in this judicial district pursuant to 28 U.S.C. §§1391, on the grounds that the wrongful acts giving rise to these claims occurred in this judicial district, and on the grounds that the Defendant and its agents at all

times material hereto have done business within this judicial district, specifically in the Northern District of Georgia.

**(FACTS)**

6.

Plaintiff is an African-American female born in the United States.

7.

On or about May 4, 2020, Plaintiff began working for Mesun as a Human Resources Director.

8.

During her employment with Mesun, one of Plaintiff's job duties included verifying applicants' information as part of the hiring process via E-Verify to confirm their eligibility to work in the United States.

9.

On many different occasions, Plaintiff was berated for requesting supplemental legal documentation from employment applicants as required to verify their eligibility to work in the United States.

10.

In each instance where Plaintiff was berated for requesting supplemental legal documentation from employment applicants as required to verify their eligibility to work in the United States, the applicants' nation of origin was South Korea.

11.

With respect to several different Korean applicants for employment, Defendant began allowing Korean applicants to circumvent Plaintiff as part of the E-Verify process. Plaintiff subsequently raised concerns with Defendant about whether the proper procedures were being followed related to the legal status of potential employees to work in the United States.

12.

On more than one occasion, Ms. Sukhee Seol told Plaintiff and her colleagues that Mesun needed more Koreans working there.

13.

Defendant created a culture where non-Korean born employees, non-Korean speaking employees, and employees not of Korean descent were ostracized and at times excluded from necessary work communications.

14.

Defendant frequently permitted Korean employees to circumvent the chain of command to address their employment issues instead of talking to Plaintiff as was customary given Plaintiff's position.

15.

On or about June 9, 2020, three non-Korean born and non-Korean speaking Mesun employees had a meeting with Mesun's Director of Clinical Operations, Ms. Sukhee Seol, to address work issues, including the issue of them being treated less favorably than Korean-born and Korean-speaking employees.

16.

After the June 9, 2020 meeting, Defendant began removing a number of Plaintiff's job duties and began to override her professional decisions.

17.

On or about June 11, 2020, and on July 9, 2020, Plaintiff sent an email to Dr. Hansom Kim, CEO of Mesun, complaining about the discrimination and retaliation she was subjected to, including informing him that Ms. Seol "cannot allow any culture to be superior over others." Plaintiff further stated in her email that "I expect you to be fair and hold a person or persons accountable no matter what race, creed, color, gender, nationality [e]tc."

18.

Plaintiff informed her administrator Randy Lewis that she intended to file a Charge of Discrimination with the EEOC, and Mr. Lewis subsequently informed Ms. Seol of Plaintiff's intention to file a Charge of Discrimination with the EEOC.

19.

After learning of her intent to file a Charge of Discrimination with the EEOC, on or about July 20, 2020, Defendant terminated Plaintiff's employment.

20.

On or about October 16, 2020, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging retaliation based on her complaints of race and national origin discrimination. On or about January 15, 2021, Plaintiff filed an Amended Charge of Discrimination with the EEOC, alleging discrimination based on race, national origin, and retaliation. Plaintiff received a Notice of Right to Sue dated September 2, 2021, and filed this suit within 90 days of receiving her Notice of Right to Sue.

## **COUNT I**

**(Race Discrimination – Title VII & Section 1981)**

21.

Plaintiff respectfully reincorporates the allegations contained in the above paragraphs.

22.

At all times relevant Defendant is and was engaged in an industry affecting commerce and has employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and are subject to the provisions of Title VII.

23.

At all times relevant Defendant is and was an "employer" as defined in § 701(b) of the Civil Rights Act of 1964.

24.

Defendant engaged in race discrimination by subjecting Plaintiff to a hostile work environment and less favorable terms and conditions of employment than her Korean and/or Asian co-workers.

25.

All jurisdictional prerequisites to the initiation of a suit under Title VII have been fulfilled as Plaintiff filed a charge of discrimination within 180 days of the discriminatory acts alleged and filed this lawsuit within 90 days of receiving her notice of right to sue.

26.

Defendant's actions were conducted with malice and reckless disregard of the federal civil rights laws.

27.

Defendant's actions injured Plaintiff and caused damages including, but not limited to, the loss of wages, loss of promotions, loss of benefits, and emotional distress all following from Defendant's illegal actions.

## COUNT II

**(National Origin Discrimination – Title VII & Section 1981)**

28.

Plaintiff respectfully reincorporates the allegations contained in the above paragraphs.

29.

At all times relevant Defendant is and was engaged in an industry affecting commerce and has employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and are subject to the provisions of Title VII.

30.

At all times relevant Defendant is and was an "employer" as defined in § 701(b) of the Civil Rights Act of 1964.

31.

Defendant engaged in national origin discrimination by subjecting Plaintiff to a hostile work environment and less favorable terms and conditions of employment than her non-Korean, non-Korean born, and non-Korean speaking co-workers.

32.

All jurisdictional prerequisites to the initiation of a suit under Title VII have been fulfilled as Plaintiff filed a charge of discrimination within 180 days of the discriminatory acts alleged and filed this lawsuit within 90 days of receiving her notice of right to sue.

33.

Defendant's actions were conducted with malice and reckless disregard of the federal civil rights laws.

34.

Defendant's actions injured Plaintiff and caused damages including, but not limited to, the loss of wages, loss of promotions, loss of benefits, and emotional distress all following from Defendant's illegal actions.

## COUNT IV
### (Title VII & Section 1981 - RETALIATION)

35.

Plaintiff respectfully reincorporates the allegations contained in the above paragraphs.

36.

At all times relevant Defendant is and was an employer as defined in § 701b of Title VII, and Plaintiff has met all jurisdictional requirements for filing her Title VII claims.

37.

Defendant retaliated against Plaintiff in violation of Title VII and Section 1981 by removing some of her work duties and excluding her from professional communications after she complained about discriminatory conduct on the basis of race and national origin and by terminating her employment after she complained about discriminatory conduct and after it became aware that she intended to file a Charge of Discrimination with the EEOC.

38.

Defendant performed the above-described discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff requests this Court:

(a)  Take jurisdiction of this matter;

(b)  Grant a trial by jury as to all matters properly triable to a jury;

(c)  Order Defendant to pay Plaintiff back pay, front pay, and compensatory and punitive damages, in an amount to compensate Plaintiff for lost wages;

(d)  Order Defendant to compensate, reimburse, and make Plaintiff whole for all the benefits she would have received had it not been for Defendant's illegal actions, including but not limited to pay, benefits, insurance costs, bonuses, raises, training, promotions, and seniority.  Plaintiff should be accorded these illegally withheld benefits from the date Plaintiff was forced to take unpaid work leave until the date Defendant tenders substantially equivalent employment, with interest on the above withheld amounts to the date of payment;

(e)  Order that Plaintiff recover costs and expenses of litigation, including an award of reasonable attorney's fees and costs;

(f)  Order that Plaintiff recover prejudgment interest; and

(g)  Award any other such further relief this Court deems just, equitable and proper.

# JURY DEMAND

Plaintiff herein requests trial by jury of all issues in this action.

Respectfully submitted,

This 29th day of November, 2021.

                                         **Gardner Law Firm, LLC**

                                         /s/ *Jerilyn E. Gardner*
                                         Jerilyn E. Gardner
                                         Georgia Bar No. 139779
                                         1000 Parkwood Cir. SE
                                         Suite 900
                                         Atlanta, Georgia 30339
                                         (404) 383-0992 (Phone)
                                         (404) 383-1102 (Fax)
                                         jgardner@gardnerjlaw.com

                                         **Counsel for Plaintiff**